SAMUEL SONGER, Plaintiff in Error, v. The County Court of Gallatin County.

ERROR TO GALLATIN.

Under the act of 1852, in relation to the swamp lands, the right of a pre-emptor is restricted to the several legal sub-divisions of forty acres each, portions of which are covered by his improvements, not exceeding a quarter section.

SONGER, on the 10th of April, 1855, made application to the county court of Gallatin, to establish a preëmption, at appraised value, of the west half of the north-east quarter, and the east half of the north-east quarter of Sec. 11 of T. 85 N., 8 E., being swamp lands, in pursuance of the act of the General Assembly to dispose of the swamp lands, " approved 22nd June, 1852," and the act amendatory thereof, approved 4th March, 1854. The County Court allowed him to purchase the south-east quarter of the north-west quarter of section eleven, being the forty acres on which his improvements were located; and refused his application for the other lands.

From this order of the County Court Songer appealed, and took his application to the Circuit Court. At November term, 1855, of the Circuit Court, BAUGH, Judge, presiding, the judgment of the County Court was affirmed. Songer then sued out his writ of error, and brings his application to this court for review.

N. L. FREEMAN, for Plaintiff in Error.

J. OLNEY, for Defendant in Error.

CATON, J. The 28th section of the act of the 22nd of June, 1852, directing the disposition of the swamp lands, provides that persons owning improvements on swamp lands, " shall have the right to purchase, at the appraised value thereof, a quantity of land including his said improvement, to be bounded by the legal sub-divisions, not exceeding one quarter section, to consist of the quarter quarter, half quarter or quarter section." We are now called upon to construe that portion of the act above quoted, and the question is, whether a party having an improvement on swamp lands is entitled to take the whole quarter section on which his improvement is situated, although his improvement does not touch all of the forty acre tracts in the quarter, or whether his preëmption right is confined to the several quarter quarter sections, portions of which are covered by his improvement. It seems to us very plain that it was the

intention of the legislature to confine the right of purchase to the forty acre lot or lots upon which the improvement stands—the right is given to a quantity of land to be bounded by the legal subdivisions not exceeding a quarter section, consisting of the forty, eighty, or one hundred and sixty acre tract, which shall embrace the improvement. A forty acre tract is here considered a legal subdivision, and that is what is meant by " a quantity of land," and he may take as many of these quarter quarter sections as his improvements encroach upon, not exceeding a quarter section. He cannot be compelled to take more than the forties upon which his improvement stands, nor has he the option to take more.

The decision of the Circuit Court must be affirmed.

*Judgment affirmed.*